**Rudy G. STANKO, individually and on the behalf of similarly situated sportsmen, Plaintiff–Appellant,**

**and**

**Sheri Herman, individually and on the behalf of similarly situated sportswomen, Plaintiff,**

**v.**

**Jeff SCOTT, individually and in his official capacity; et al., Defendants–Appellees.**

**No. 01–35958.**

**D.C. No. CV–00–00044–JDS.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002.*

Decided May 29, 2002.

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Rudy Stanko appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging theft, illegal arrest, search and seizure, and violation of his Fifth Amendment right against self-incrimination. We have jurisdiction under 28 U.S.C. § 1291. We review entry of summary judgment de novo, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

After a boating accident on the Yellowstone River, Stanko was cited and arrested by appellee Jeff Scott, a game warden for the State of Montana. Stanko's bare allegation that he was arrested for exercising his right against self-incrimination does not create a genuine issue of material fact as to pretext, because the arrest was independently supported by probable cause. *See United States v. Hudson,* 100 F.3d 1409, 1415 (9th Cir.1996).

Stanko's contention that the warrantless search of his boat violated the Fourth Amendment lacks merit because the district court properly found that the search was supported by probable cause. *See United States v. Albers,* 136 F.3d 670, 674 (9th Cir.1998).

An adequate postdeprivation state remedy exists for Stanko's alleged property loss, so his section 1983 due process claim is barred. *See* Mont.Code Ann. § 46–5–312 (2001); *Blueford v. Prunty,* 108 F.3d 251, 256 (9th Cir.1997).

---

Finally, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Stanko's state law claims. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189 (9th Cir.2001).

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.